## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN BARRILLEAUX and ROGER DUFRENE<br><br>VERSUS<br><br>EYMARD BROTHERS TOWING COMPANY, INC. AND TAKO TOWING, INC. | ) CIVIL ACTION NO.<br>)<br>) SECTION :<br>)<br>) MAGISTRATE:<br>) |

### SEAMEN COMPLAINT

The joint complaint of Brian Barrilleaux and Roger Dufrene, both persons of the full age of majority and resident of the Parish of Jefferson, State of Louisiana (hereinafter sometimes referred to as "Plaintiff"), who respectfully represents as follows:

1.

Made defendants herein are:

1.) Eymard Brothers Towing Company, Inc., a domestic corporation organized according to the laws of the State of Louisiana, and at all times pertinent hereto, was authorized to do, and was doing business in, the State of Louisiana, which, at all times pertinent hereto, was the owner, operator, and/or charterer of the *M/V Ted J. Eymard, Sr.*, a vessel in navigation; and

2.) Tako Towing, Inc., a domestic corporation organized according to the laws of the State of Louisiana, and at all times pertinent hereto, was authorized to do, and was doing business in, the State of Louisiana; and at all times pertinent hereto, was the owner, operator, and/or charterer of the *M/V Tako Spirit,* a vessel in navigation.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. § 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. § 30104 (the "Jones Act"), and the provisions of the general maritime law. Specifically, plaintiffs are entitled to avail themselves of the provisions of 28 U.S.C. Section 1916, allowing them proceed without the necessity of prepayment of costs, fees or the posting of security, and Rule 9(h) of the Federal Rules of Civil Procedure.

3.

The defendant, Eymard Brothers Towing Company, Inc. is justly and truly indebted unto your plaintiffs, Brian Barrilleaux and Roger Dufrene, for the following reasons, to-wit:

4.

At all material times, plaintiff Brian Barrilleaux was employed by Eymard Brothers Towing Company, Inc. as a steersman and is a Jones Act seaman.

5.

At all material times, plaintiff Roger Dufrene was employed by Eymard Brothers Towing Company, Inc. as a vessel captain, and is a Jones Act seaman.

6.

Plaintiffs were permanently assigned by defendant, Eymard Brothers Towing Company, Inc. to work aboard the *M/V Ted J. Eymard, Sr.,* a vessel that was owned and/or operated and/or chartered and/or controlled by Eymard Brothers Towing Company, Inc. at all material times herein.

6.

On or about February 16, 2012, at approximately 7:15 a.m., plaintiffs were in the wheelhouse aboard the *M/V Ted J. Eymard,* tied up to a CBG Laplace fleet dock located in the Mississippi River near Laplace, LA, waiting for dense fog to clear. At that time, the While so tied up, an allusion occurred when the *M/V Ted J. Eymard, Sr.,* was struck on its stern by the

*M/V Tako Spirit*. At the time of the allusion, both the *M/V Ted J. Eymard, Sr.* and the *M/V Tako Spirit* were operating as a part of the CBG Laplace fleet.

7.

Plaintiffs aver, on information and belief, that at the time of the allision, that the master of the *M/V Tako Spirit* was operating the vessel in violation of the instructions of the fleet manager for the CGB Laplace fleet.

8.

Plaintiff shows that at all times pertinent they were where they were ordered to be, and performing the duties and functions they was instructed and obliged to perform pursuant to needs of their vessel, in conjunction with directives of defendant, Eymard Brothers Towing Company, Inc.; it agents, employees, and/or assigns.

9.

The casualties occurred as a direct and proximate result of the negligence of defendant, Tako Towing, Inc., and/or the negligence of the master of the *M/V Tako Spirit* in failing to operate the *M/V Tako Spirit* in a safe and seamanlike manner; or as the result of an unseaworthy condition aboard the *M/V Tako Spirit* which rendered that vessel unfit for its intended purpose as a vessel in navigation; as well as other acts of negligence which will also be proven at trial. These acts of negligence, and/or unseaworthy condition, renders defendant, Tako Towing, Inc. liable to plaintiff pursuant to the Jones Act, 46 U.S.C. §30104, and also liable pursuant to the general maritime law for negligence.

10.

In the alternative, plaintiffs' accident was caused by Tako Towing's violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

11.

Plaintiff further demands that defendant, Eymard Brothers Towing Company, Inc. provide them with maintenance and cure benefits until such time as they reach maximum medical cure, as determined by plaintiffs' respective treating physicians. Plaintiffs demand that maintenance be instituted in the amount of $80.00 per day from the date of the accident.

12.

In addition, the defendant Eymard Brothers Towing Company, Inc. has refused and/or failed and/or partially failed to timely pay maintenance and cure benefits. The refusal/failure to do so on a timely basis was willful, wanton, arbitrary, capricious, and/or otherwise without cause. As a result, plaintiffs have had to endure additional and unnecessary pain, suffering and financial stress and possible worsening of their respective physical condition. As a result thereof, the defendant is liable until the plaintiffs for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages, all pursuant to the Supreme Court of the United States' ruling in *Atlantic Sounding Co., Inc v. Townsend*, 129 S. Ct. 2561 (2009).

13.

The above-described incidents were caused solely by the negligence of defendant, Tako Towing, Inc. through their agents, servants and employees, which are more particularly described as follows:

NEGLIGENCE OF TAKO TOWING, INC.
  a) Failing to operate the *M/V Tako Spirit* in a reasonable, prudent, and seamanlike manner on February 16, 2012;

  b) Failing to properly train and/or supervise the master and/or crewmen of the *M/V Tako Spirit* on February 16, 2012;

c.) Failing to adequately equip its vessel with proper equipment required to perform certain operations;

d). Operating the *M/V Tako Spirit* during unfavorable sea and fog conditions in direct contravention of the instructions of the fleet manager for the CGB Laplace fleet, and

f. Other acts of negligence which will be shown more fully at trial.

14.

In the further alternative, plaintiffs , Brian Barrilleaux and Roger Dufrene, reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, aver the applicability of the doctrine of *res ipsa loquitur*.

15.

As a result of the above-described negligence and unseaworthiness of the vessel, plaintiff, Brian Barrilleaux, sustained the following damages:

- a. Past, present and future physical pain and suffering;
- b. Past, present and future mental pain, suffering and anguish;
- c. Past, present and future medical expenses;
- d. Past lost wages;
- e. Past lost found;
- f. Loss of future earning capacity;
- g. Loss of future found;
- h. Loss of fringe benefits;
- i. Disfigurement and disability;
- j. Loss of enjoyment of life; and,
- k. Other damages which shall be proven at trial.

16.

As a result of the above-described negligence and unseaworthiness of the vessel, plaintiff, Roger Dufrene, sustained the following damages:

    a. Past, present and future physical pain and suffering;

    b. Past, present and future mental pain, suffering and anguish;

    c. Past, present and future medical expenses;

    d. Past lost wages;

    e. Past lost found;

    f. Loss of future earning capacity;

    g. Loss of future found;

    h. Loss of fringe benefits;

    i. Disfigurement and disability;

    j. Loss of enjoyment of life; and,

    k. Other damages which shall be proven at trial.

17.

Plaintiffs are entitled to prejudgment interest on their respective damages from the dates of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiffs are entitled to, and demand, interest from the date of judicial demand.

18.

Plaintiffs are entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, plaintiffs Brian Barrilleaux and Roger Dufrene respectfully pray that the defendants Eymard Brothers Towing Company, Inc. and Tako Towing, Inc. be duly cited and served with a copy of the Complaint and be summoned to appear and answer same; and that after all legal delays be exhausted, and all due proceedings be had, that there be judgment rendered their favor and against Eymard Brothers Towing Company, Inc. and/or Tako Towing, Inc., jointly, severally, and *in solido,* in an amount sufficient to adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

**RESPECTFULLY SUBMITTED BY:**

*/s/Ronna M. Steele*
**RONNA M. STEELE (#20006)**
301 Huey P. Long Avenue
Gretna, LA 70053
Telephone: (504) 366-3475
Attorney for Brian Barrilleaux & Roger Dufrene
Email: *rsteele@usagulf.com*

PLEASE SERVE:

Eymard Brothers Towing Company, Inc.
through its authorized agent for service of process
Gary J. Eymard, Sr.
5009 Eighty Arpent Rd.
Marrero, LA 70072

and

Tako Towing, Inc.
through its authorized agent for service of process
Anthony J. Lulich
452 Destrehan Ave.
Harvey, LA 70058