UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN BARRILLEAUX AND | * | |
| ROGER DUFRENE | * | CIVIL ACTION NO. 12-571 |
| | * | |
| VERSUS | * | SECTION "C" |
| | * | |
| EYMARD BROTHERS TOWING | * | HON. HELEN BERRIGAN |
| COMPANY AND | * | |
| TAKO TOWING, INC. | * | MAG. KAREN WELLS ROBY |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER AND REASONS**[1]

Before the Court is a Motion for Summary Judgment by defendant Tako Towing, Inc. (Tako). Rec. Doc. 22. Tako alleges that it had no interest in the alleged offending vessel, the M/V TAKO SPIRIT (the Vessel), and had no relationship with the plaintiffs and/or their employer, Eymard Brothers Towing Company (Eymard). This Motion for Summary Judgment is unopposed. Having considered the memoranda of counsel, the record, and the applicable law, the Court **GRANTS** the Motion for Summary Judgment for the following reasons.

---

[1] Katharine Williams, a third year law student at Tulane University, aided in preparing this order.

**LAW AND ANALYSIS**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The parties seeking summary judgment bear the initial burden of informing the court of the basis for their motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which they believe demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir.2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir.2006); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir.2005).

In determining whether the evidentiary threshold has been met, the court "must view the evidence presented through the prism of substantive evidentiary burden" applicable to the particular cause of action before it. *Anderson vs. Liberty Lobby Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir.1988), cert. denied, 488 U.S. 926

(1988). Although a nonmovant's failure to respond to a motion for summary judgment does not permit the entry of a "default" summary judgment, the court may accept the movant's evidence as undisputed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir.1988). If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Brothers vs. Klevenhagen*, 28 F.3d 452, 455 (5th Cir.1994). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e).

The nonmovant is "'under an obligation to respond . . . in a timely fashion and to place before the court all materials it wishes to have considered when the court rules on the motion.'" *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1293 n. 11 (5th Cir.) (*quoting Cowgill v. Raymark Indus., Inc.*, 780 F.2d 324, 329 (3d Cir.1985), cert. denied, 513 U.S. 926 (1994)). The nonmoving party in this case has filed no response and has proffered no evidence in opposition to Tako's motion. It has not set forth any specific facts in support of its allegation that Tako was the owner, operator and/or charterer of the Vessel at issue here.

In this case, the plaintiffs would bear the burden of establishing Tako's ownership of the Vessel to support their claim for damages. Defendant Tako has provided evidence that it sold the Vessel before the alleged allision occurred. The plaintiffs have not disputed any of the evidence provided in Tako's Motion for Summary Judgment, and this Court grants summary judgment because the movants have made a prima facie showing that they are entitled to such relief. *See* Fed. R. Civ. P. 56(e); *see also Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir.1988).

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment is **GRANTED.** Rec. Doc. 22.

New Orleans, Louisiana, this 28th day of January, 2013.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**